DAVID J. COHEN, ESQ.
California Bar No. 145748
JASON T. CAMPBELL, ESQ.
California Bar No. 255445
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Julius Liu**

*IT IS SO ORDERED AS MODIFIED*
*Judge James Ware*
2/1/2011

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JULIUS LIU,<br><br>  Defendant. | Case No. CR-06-00772-JW<br><br>**SECOND STIPULATION (CONTAINING ADDITIONAL INFORMATION) TO CONTINUE HEARING ON MOTION FOR BAIL PENDING APPEAL, MR. LIU'S DATE OF SELF-SURRENDER AND [~~PROPOSED~~] ORDER THEREON** |

**IT IS HEREBY STIPULATED** by and between the parties that the hearing on the motion for bail pending appeal, currently scheduled for February 7, 2011, be continued until **April 18, 2011 at 1:30 PM. Defendant shall file his Motion for Bail on or before March 28, 2011. The Government shall file its opposition on or before April 4, 2011.**

**IT IS FURTHER STIPULATED** that Mr. Liu's self-surrender date currently scheduled for February 14, 2011, be continued to May 2, 2011 at 2:00 p.m.

**IT IS FURTHER STIPULATED** that the government's position is as follows:

> The government believes that bail pending appeal in this matter is inappropriate. The government opposed, and continues to oppose, any motion for bail pending appeal. However, out of courtesy to current defense counsel, who recently substituted into this case as counsel of record, the government is willing to agree to continue defendant's self-surrender date to May 2, 2011. The government's agreement should not, in any

1

way, be construed as a concession that any motion for bail pending appeal in this case possesses any merit.

**IT IS FURTHER** stipulated that Mr. Liu's position is as follows:

Bail pending appeal is appropriate in this matter.

**IT IS FURTHER** stipulated that pretrial services' position is as follows:

Mr. Liu's surrender date should remain as set, pending further order of the Court.

The reasons for this stipulation are as follows:

Counsel was retained to represent Mr. Liu on December 24, 2010, during the holiday season. Counsel immediately contacted Mr. Liu's former attorney, Mr. James M. Thompson, to arrange to have the file transferred to counsel's office. Mr. Thompson indicated that he would not send the file until after counsel filed a substitution of counsel with the court. This court signed the order substituting counsel as attorney of record for Mr. Liu on December 29, 2010. That same day, Cousel's associate attorney, Mr. Jason Campbell, contacted left a voice message for the court reporter coordinator requesting information about obtaining transcripts.

Mr. Thompson indicated that he would be unable to have the file available for transfer until the following week. On Tuesday January 4, 2011, counsel's representative, Ms. Tania Spooner, drove from San Francisco to Los Gatos to obtain the file. The file is extensive and is contained in 20 banker boxes of documents.

On January 5, 2011, Mr. Campbell, having never received a return call from the court reporter coordinator, called the clerk of the court to obtain the phone numbers of the court reporters involved in the case. Counsel then attempted to contact each of the six court reporters responsible for transcribing the proceedings. By the end of that day, counsel had already ordered the production of many of the transcripts on an expedited basis.

By January 6, 2011, counsel had ordered all of the transcripts produced (except for a single status conference for which the court reporter could not be located). The court reporter responsible for the trial itself, however, indicated that she was some 2,000 pages behind and that Liu's transcripts would have to be done after the completion of those pages; even an offer to pay Ms. Shortridge at an expedited rate would not result in earlier completion of the transcripts. Estimating that the Liu trial transcripts were approximately 750 pages in length, Ms. Shortridge indicated that she could not realistically have these transcripts done for at least 30 days.

At this juncture, counsel has obtained and paid for, at an expedited rate, almost all transcripts other than the trial transcripts themselves. The trial transcripts are expected to be available by mid-February.

Recognizing that the motion for bail pending appeal could not be completed without access to these transcripts, and must be filed on two weeks notice under this Court's rules, counsel contacted Assistant U.S. Attorney, Mr. Hanley Chew, to discuss a

possible stipulation. Initially, counsel was requesting a continuance of only an additional 30 days. However, once it became apparent that the transcripts could not be produced on an expedited basis, counsel requested 30 more days. The government, understanding counsel's need to utilize the transcripts in order to prepare the bail motion, assented to these requests. The government also indicated that, because of scheduling concerns of its own, it would prefer to push the hearing out further and suggested April 15, 2011 as an appropriate date.

Counsel cannot reasonably be expected to write and argue a motion for bail pending appeal without having access to the transcripts. Counsel has been exercising due diligence since he was retained in the case. Counsel wishes to emphatically state that this is not an attempt to stall or delay the proceedings, but rather an effort to secure additional time so that counsel may obtain the appropriate resources necessary to adequately complete the bail motion.

**IT IS SO STIPULATED.**

Dated: January 25, 2011            **BAY AREA CRIMINAL LAWYERS, PC**

                                   By: /s/David J. Cohen
                                   DAVID J. COHEN, ESQ.
                                   Attorneys for Defendant
                                   **Julius Liu**

Dated: January 25, 2011            By: /s/Julius Liu
                                   JULIUS LIU
                                   **Defendant**

Dated: January 25, 2011        By: /s/Hanley Chew
                                   HANLEY CHEW, ESQ.

**IT IS SO ORDERED AS MODIFIED.**

Dated: February 1, 2011        _____
                               THE HONORABLE JAMES WARE
                               UNITED STATES DISTRICT COURT CHIEF JUDGE