DAVID J. COHEN, ESQ.
California Bar No. 145748
JASON T. CAMPBELL, ESQ.
California Bar No. 255445
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Julius Liu**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR-06-00772-JW |
| ) | |
| Plaintiff, ) | **SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF MR. LIU'S MOTION FOR BAIL PENDING APPEAL** |
| ) | |
| v. ) | |
| ) | |
| JULIUS LIU, ) | |
| ) | |
| Defendant. ) | |

By analogy to Rule 28(j) of the Federal Rules of Appellate Procedure, Mr. Liu is submitting additional authority to this Court to aid its determination of the issues raised in the briefs and at oral argument relating to Mr. Liu's motion for bail pending appeal.

**I.**

**28 U.S.C. § 753**

As counsel for Mr. Liu pointed out to the Court during oral argument, 28 U.S.C. § 753(b) mandates: "Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any

1

other method subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. . . . Proceedings to be recorded under this section include: (1) all proceedings in criminal cases had in open court . . ."

The Ninth Circuit has held that a trial court's failure to abide by the mandatory language of 28 U.S.C. § 753 constitutes reversible error when the defendant demonstrates "specific prejudice" as a result of the trial court's error. *See United States v. Wilson*, 16 F.3d 1027, 1027-31 (9th Cir. 1994) (finding prejudice based on the court reporter's failure to provide an accurate transcript despite the lower court's certification of its contents); *United States v. Antoine*, 906 F.2d 1379 (9th Cir. 1990) (remanding case to district court to determine if defendant was prejudiced due to receipt of an inadequate and incomplete trial transcript); *United States v. Carrillo*, 902 F.2d 1405, 1409-11 (9th Cir. 1990) (finding no "specific prejudice" where trial court ordered recalling of witnesses to recreate testimony after taped recordings of witness testimony at suppression hearing were lost and there was no material difference between the original and recreated testimony); *United States v. Anzalone*, 886 F.2d 229, 231-33 (9th Cir. 1989) (court found no prejudice where appellant asserted inaccuracies and possible omissions from trial transcripts but defendant had opportunity to challenge and

2

rectify inaccuracies and evidence did not reveal the existence of any omissions form the record).

None of the above-cited cases, however, reflect intentional decisions on the part of the trial judges to forego the recording process altogether. Additionally, none of the cases specifically involve a failure to record court proceedings related to mid-deliberation notes from the jury. A District of Columbia Circuit Court opinion, *United States v. Workcuff*, 422 F.2d 700 (D.C. Cir. 1970), is directly on point.  In that case, the court reversed appellant's conviction because the trial court gave additional instructions to the jury after it began its deliberations and the court reporter was "inexplicably absent." *Id*. at 701.  The court based its decision *inter alia* on the mandatory nature of the statutory language, the "ease with which the requirements can be satisfied," the "crucial importance of the transcript for appellate review," and the fact that "the absence of a complete and accurate transcript impairs the ability of appellate counsel to protect his client's basic rights." *Id*. at 701-02.  The court noted that it could find "no cases applying the harmless error rule when the court reporter was absent during such a crucial stage of the trial as the instructions to the jury." *Id*. at 702. Finally, the court noted that the instruction "was probably accorded particular significance by the members of the jury because they were returned to the courtroom specifically for the

purpose of receiving the additional charge." *Id*. The court continued, "In this situation we cannot say that no substantial right of the appellant was affected without examining the precise language of the instruction and the circumstances in which it was given." *Id*.

A reading of these cases strongly suggests that, in the circumstances of the present case, Mr. Liu suffered "specific prejudice" by the trial court's failure to record any discussions (if there were any) with the parties following its receipt of Jury Notes Nos. 1, 3 and 5.

## II.

### FEDERAL RULE OF APPELLATE PROCEDURE 10

The government has also argued that this Court should accept the declarations it has submitted pursuant to Fed. Rule. App. P. 10(c) or (e). Neither of these rules justify the addition of new evidence into the record following the failure to record a critical proceeding such as the one at issue here. The record in this case does not indicate the parties to, the content of, or the circumstances surrounding any discussions that took place related to the jury notes.

Mr. Liu contends that Rule 10 is an inappropriate vehicle for the admission of new evidence related to the trial court's handling of the jury notes. Mr. Liu is not and has not attempted to rely on any proceedings which are not currently part of the

record. The government, however, argues that certain proceedings took place and that the nature of the proceedings works in its favor even though there is nothing in the record to support these claims. Even if this were true, the government cannot supplement the record pursuant to Rule 10(c) because that rule states that only "appellants may" do so. *Fed.R.App.Pro. 10(c)*.

The following cases support Mr. Liu's position that neither 10(c) nor 10(e) permit the supplementing of the record: *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (stating that "Save in unusual circumstances, we consider only the district court record on appeal" and describing the purpose of *Rule 10(e)* as to "correct inadvertent omissions from the record"); *Bergerco, U.S.A. v. The Shipping Corporation of India*, 896 F.2d 1210, 1215-16 (9th Cir. 1990) (stating "the unavailability of a transcript itself becomes the problem because it deprives the defendant of the opportunity to make a fair showing on appeal of the gravity of claimed error" and "when an appellant complies with Rule 10(c) and prepares a substitute statements of the evidence, the reconstructed record may be insufficient to exclude the possibility of prejudicial error"); *Daly-Murphy v. Winston, et al.*, 837 F.2d 348, 351 (9th Cir. 1987) (stating that, "This circuit has construed this provision [*Rule 10(e)*] narrowly, holding that normally the reviewing court will not supplement the record on appeal with material not considered by the trial

court"); *United States v. Walker*, 601 F.2d 1051, 1054-55 (9th Cir. 1979) (rejecting government's attempt to enlarge record on appeal through the use of post-trial affidavits); *United States v. Mills*, 597 F.2d 693, 697-98 (9th Cir. 1979) (defendant's attempts to rely on statements allegedly made during a pretrial conference not supported by the record and the court rejected defendant's inclusion of trial attorney's affidavit in support of his contentions); *United States v. Johnson*, 713 F.2d 633, 646-49 (11th Cir. 1983) (rejecting defendant's attempt to incorporate other evidence not received by the trial court due to the "complete absence of any evidence in the record supporting their [sic] claim and holding that *Rule 10(e)* "does not contemplate the action advocated in this case"); *United States v. First National State Bank of New Jersey*, 616 F.2d 668, 671 n. 4 (3rd Cir. 1980) (court rejects appellant's attempt to introduce letters as part of the record pursuant to 10(e) because "*Rule 10(e)* is apparently intended to "supplement" a record, not to supply in substance a new record never before the District Court and never considered by it")

### III.

### *STAPLES V. UNITED STATES*

In his motion for bail pending appeal, Mr. Liu argued that the trial court impermissibly defined the words "willfully infringed" in such a way as to permit a finding of guilt based

6

upon strict liability. (Motion for Bail Pending Appeal, Pg. 12-14; Appendix A, Pg. 65-80). This analysis is equally applicable to Count 4 where the trial court instructed the jury that "the Government is not required to prove that the defendant knew that his act was unlawful." (RT, p. 602). Thus, the court permitted the jury to convict Mr. Liu on a showing that he "knowingly" or "willfully" made copies irrespective of whether he did so with knowing that the copies he made were in violation of the copyright laws.

While the Court did not request oral argument related to this issue at the hearing on the motion, the United States Supreme Court case of *Staples v. United States*, 511 U.S. 600, (1994) is applicable to the present case. The Court made it clear in *Staples* that only crimes properly characterized as "public welfare offenses" (i.e. those "dealing with some dangerous or deleterious substance") are subject to strict liability. *Id.* at 607, n. 3. All other crimes are subject to an appropriate *mens rea* requirement. *Id.*

Respectfully submitted,

Dated: August 15, 2011    By: /s/David J. Cohen
DAVID J. COHEN, ESQ.
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA  94104
Telephone: (415) 398-3900

7