MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

HANLEY CHEW (CABN 189985)
Assistant United States Attorney
   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5061
   Fax:  (408) 535-5066
   E-Mail: hanley.chew@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JULIUS CHOW LIEH LIU, ) <br> ) <br>    Defendant. ) <br> ) | No. 06-0772(B) JW <br><br> GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION FOR BAIL PENDING APPEAL |

## I. INTRODUCTION

On August 15, 2011, defendant Julius Chow Lieh Liu ("defendant") filed a supplemental memorandum in support of his motion for bail pending appeal. In that supplemental memorandum, defendant argued that the trial court's failure to have any discussions between the Court and the parties concerning Jury Notes 1, 3 and 5 warranted reversal of his conviction. Defendant also argued that Federal Rule of Appellate Procedure 10 was inapplicable and did not provide a means for rectifying this deficiency. Defendant also argued that the trial court's jury instruction related to the trafficking in counterfeit goods charge eliminated the *mens rea* required by the statute. Defendant's arguments are without merit.

## II.   TRANSCRIPTION ISSUE

The Court Reporter Act, 28 U.S.C. § 753(b), provides that:

> Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. The regulations promulgated pursuant to the preceding sentence shall prescribe the types of electronic sound recording or other means which may be used. Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court [as] may be requested by any party to the proceeding.

While recording proceedings in criminal cases is mandatory, the Ninth Circuit and other Circuits have held that missing or unavailable transcripts of a proceeding do not require *per se* reversal. *See United States v. Wilson*, 16 F.3d 1027, 1031 (9th Cir. 1991). *See also United States v. Brand*, 80 F.3d 560, 563 (1st Cir. 1996); *United States v. Carrazana*, 70 F.3d 1339, 1342 (D.C. Cir. 1995); *United States v. Gallo*, 763 F.2d 1504, 1530 (6th Cir. 1985); *Edward v. United States*, 374 F.2d 24, 26 (10th Cir. 1966). Rather to obtain reversal and a new trial, a defendant must demonstrate "specific prejudice" resulting the lack of a transcript. *See Wilson*, 16 F.3d at 1031 (requiring a showing of "specific prejudice" to reverse conviction because of a missing transcript). *See also Brand*, 80 F.3d at 563; *United States v. Sierra*, 981 F.2d 123, 125 (3d Cir. 1992); *United States v. Malady*, 960 F.2d 57, 58-59 (8th Cir. 1992); *Gallo*, 763 F.2d at 1530-31; *United States v. Snead*, 527 F.2d 590, 591 (4th Cir. 1975).

Where portions of a transcript are unavailable, courts often rely on Federal Rule of Appellate Procedure 10(c) to establish the record. *See e.g., Barilaro v. Conrail*, 876 F.2d 260, 263 (1st Cir. 1989). Rule 10(c) of the Federal Rules of Appellate Procedure provides that:

> (c) Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable. If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

Because Rule 10(c) was specifically designed to give the appellant the opportunity to complete an otherwise incomplete record, courts have expected the appellant to take the first step with the Rule 10(c) statement. *See Bergerco v. Shipping Corp. of India, Ltd.*, 896 F.2d 1210, 1217 (9th Cir. 1990) (finding "appellant seeking a new trial because of a missing or incomplete transcript must . . . show that a Rule 10(c) proceeding has failed"). *See also United States v. First National Bank*, 691 F.2d 386, 387 (8th Cir. 1982) (noting that because appellant "made no attempt to make a record under Rule 10(c) . . . the absence of an adequate record . . . must land entirely at [appellant's] feet"); *Herndon v. City of Massillon*, 638 F.2d 963, 965 (6th Cir. 1981) (finding that appellant's "failure to avail [himself] of th procedure designed to reconstruct unrecorded proceedings [leaves him] with no objection based on the missing record").

One factor that the courts consider in determining whether reversal is appropriate is whether a defendant has made any attempt to correct or complete an otherwise inaccurate or incomplete record. *See United States v. Kelly*, 535 F.3d 1229, 1243 (10th Cir. 2008) (finding that defendant's claim "would be significantly undermined (if not defeated) by [his] failure to avail himself of established procedures- - specifically, the procedures of Fed. R. App. P. 10(c) - - for reconstructing the gaps in the records"); *United States v. Nolan*, 910 F.2d 1553, 1560 (7th Cir. 1990) ("[Defendant]" has made no attempt on appeal to reconstruct the sidebar discussion through the procedure provided by Fed. R. App. P. 10(c), or an other method.  He has thus failed to show the reasonable but unsuccessful effort to determine the substance of the off-the-record remarks necessary to have this court reverse the court's judgment.") (internal quotation marks omitted); *Herndon*, 638 F.2d at 965 (noting that the "clear lesson" of cases within and outside its Circuit is that "a party may not seek a new trial simply because matters occurring in the district court are not reflected in the transcript" but instead "that party must at least attempt to cure the defect by reconstructing the record").

In the present case, defendant's generalized claims of prejudice do not satisfy his burden. Defendant has not made a showing of any "specific prejudice" arising from the lack of transcripts concerning the discussions that the parties and the trial court had concerning Jury

GOVT'S RESP TO DEF'S SUPP AUTHORITY
ISO HIS MOTION FOR BAIL PENDING APPEAL
U.S. v. LIU, NO. CR 06-0772(B) JW

Notes 1, 3 and 5. Nor could defendant make such a showing. An examination of the matters covered by Jury Notes 1, 3 and 5 and the district court's response shows that these matters are not so significant as to affect defendant's substantive rights. Jury Note 1 concerns the geographic location of a zip code, which the trial court later indicated was not in evidence. Jury Notes 3 and 5 concern typos in the trial court's verdict form. None of these matters is so significant that the failure to transcribe their discussion warrants reversal of defendant's conviction. In contrast, when the parties and the trial courts discussed the matters covered by Jury Notes 2 and 4 which were significant enough to require that additional instructions be given to the jury, the trial court placed these matters on the record.[1]

Moreover, another factor weighing against reversal of defendant's conviction is his failure to make any effort to correct or complete the record concerning the discussions between the parties and the trial court concerning Jury Notes 1, 3 and 5. Not only has defendant made no effort to reconstruct the record, but he has also challenged any effort to do so.

Therefore, the district court should find that defendant does not raise a substantial question concerning the lack of transcripts that would likely result in the reversal of his conviction or the granting of a new trial.

### III. JURY INSTRUCTION ON KNOWLEDGE ISSUE

Defendant also argues that the district court's jury instruction with regard to the trafficking in counterfeit labels charge that "the Government is not required to prove that the defendant knew his act was unlawful" permitted the jury to convict him without regard to his knowledge that he had violated copyright laws, thereby eliminating the required *mens rea* for the charge. Defendant's argument is meritless. The trial court's jury instruction was an accurate explanation of the law. The Supreme Court has held repeatedly that a violation of law is "knowing" if a defendant knew his actions would result in the proscribed conduct, irrespective of

---

[1] For this reason, defendant's reliance on *United States v. Workcuff*, 422 F.2d 700 (D.C. Cir. 1970) is misplaced. Like the *Workcuff* court, the trial court in this case placed discussions concerning additional jury instructions on the record.

GOVT'S RESP TO DEF'S SUPP AUTHORITY
ISO HIS MOTION FOR BAIL PENDING APPEAL
U.S. v. LIU, NO. CR 06-0772(B) JW

whether the defendant knew his conduct was illegal. *Byran v. United States*, 524 U.S. 184, 193 (1998) ("[U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of th facts that constitute the offense.").

DATED: August 16, 2011           Respectfully submitted,

                                 MELINDA HAAG
                                 United States Attorney


                                 /s/ Hanley Chew
                                 HANLEY CHEW
                                 Assistant United States Attorney