1    DAVID J. COHEN, ESQ.
     California Bar No. 145748
2    **BAY AREA CRIMINAL LAWYERS, PC**
     300 Montgomery Street, Suite 660
3    San Francisco, CA 94104
     Telephone:  (415) 398-3900
4
5    Attorneys for Defendant **Julius Liu**

6                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
7
8    UNITED STATES OF AMERICA,    )   Case No. CR-06-00772-JW
                                  )
9             Plaintiff,          )   **REPLY TO GOVERNMENT'S RESPONSE**
                                  )   **TO   MR.   LIU'S   SUPPLEMENTAL**
10   v.                           )   **AUTHORITY IN FURTHER SUPPORT OF**
                                  )   **MR.   LIU'S   MOTION   FOR   BAIL**
11   JULIUS LIU,                  )   **PENDING APPEAL**
                                  )
12            Defendant.          )
                                  )
13   ─────────────────────────────

14                            **I.**
15   **RULE 10(C) IS INAPPROPRIATE BECAUSE MR. LIU IS NOT SEEKING TO**
     **RELY UPON ANYTHING THAT TOOK PLACE OUTSIDE THE RECORD AND**
16                **BECAUSE THE APPEAL IS STILL PENDING.**

17        The government does not contest Mr. Liu's assertion that the

18   discussion  and  preparation  of  the  responses  to  the  jurors'

19   inquires  were  critical  stages  under  *Cronic*  because  the  notes

20   clearly  reflected  substantive  factual  and  legal  inquires.

21   Instead, the government relies solely upon its assertions that

22   the requisite colloquies between judge and counsel took place

23   following  the  submission  of  the  notes.   Initially, the government

24

25   rejected   Mr.   Liu's   argument   that   this   Court   is   without

26   **Defendant Julius Liu's Reply to**
     **Government's Response to**
27   **Defendant's Supplemental Authority**
     *United States v. Liu*;
28   Case No. CR-06-00772-JW                    1

jurisdiction to accept additional evidence under Rule 10(e) of the Federal Rules of Appellate Procedure.  Now the government takes the contrary position that Rule 10(c) is the appropriate mechanism by which to supplement the record.  The government exhibits severe misapprehension of the scope and purpose of that rule, however.

The government argues that it is incumbent upon Mr. Liu, as appellant, to file a motion with the Court of Appeals to supplement the record pursuant to Rule 10(c).  While it is true that the benefits and obligations of Rule 10(c) are limited to the appellant, Mr. Liu is not under any obligation to seek this benefit for two reasons.

First, unlike the appellants in the cases cited by the government, Mr. Liu does not seek to rely upon the substance of some proceeding that took place but which was not recorded.  Mr. Liu's position is that the record is insufficient to draw any conclusions about what took place during the deliberations stage. The record, as it exists, suggests that neither Mr. Liu or his attorney were consulted about the jury notes. Alternatively, Mr. Liu also argues that, if they were consulted, the failure to record the interactions deprived Mr. Liu of the opportunity to raise a meaningful challenge related to this issue on appeal.

**Defendant Julius Liu's Reply to Government's Response to Defendant's Supplemental Authority**
*United States v. Liu*;
Case No. CR-06-00772-JW                    2

1    Second, even if the government is correct that Mr. Liu

2    carries the responsibility of rectifying the deficient record on

3    appeal (a position that Mr. Liu rejects), Mr. Liu has not yet

4    even submitted his opening brief to the Court of Appeals.  The

5    applicability of Rule 10(c) is limited on its face to proceedings

6    before the Court of Appeals.  For this reason, this Court cannot

7    and should not order Mr. Liu to make a motion under that rule.

8    Consequently, should Mr. Liu decide that it is appropriate, he

9    will have ample time to do so following this Court's disposition

10   of his motion for bail pending appeal and before his appeal is

11   resolved.  Mr. Liu will also, at that time, be capable of calling

12   upon, if necessary, all of the witnesses who were present during

13   the deliberations period including government counsel, government

14   investigators, defense counsel, and Judge Ware.

15       Also, the fact that 10(c) is only available to appellants

16   lends support to Mr. Liu's position.  When an appellant claims

17   that something took place at sidebar or at a pretrial conference

18   or the like, it is the appellant's duty to recreate that record

19   if it does not exist.  The Rule 10(c) cases cited by the

20   government deal with this type of case.  Where the appellee

21   claims that something took place off the record, the appellant

22   has  no  obligation  to  make  a  motion  under  Rule  10(c).

**Defendant Julius Liu's Reply to**
**Government's Response to**
**Defendant's Supplemental Authority**
*United States v. Liu*;
Case No. CR-06-00772-JW                3

1    Alternatively, it is equally likely that the Court of Appeals

2    could hold the government responsible for failing to ensure the

3    existence of an adequate record at trial.

4        Most importantly, the government's brief demonstrates that

5    Mr. Liu has raised yet another "arguable issue" for his appeal.

6    The positions articulated by both the government and Mr. Liu

7    carry weight.   Neither can be said to be frivolous and the

8    parties' inability to point to cases specifically on point

9    suggests that this is a case of first impression.   For these

10   reasons, this Court should determine that Mr. Liu has raised an

11   arguable issue that merits the granting of his motion.

12

13                                   **II.**

14   **IF THERE WAS OFF THE RECORD DIALOG RELATED TO JURY NOTES 1, 3,
     AND 5 MR. LIU WAS "SPECIFICALLY PREJUDICED" BY THE TRIAL
15   COURT'S UNEXPLAINED FAILURE TO MAKE A RECORD.**

16       Assuming arguendo that some dialog between the court and

17   counsel took place related to the notes, Mr. Liu contends that

18   the  trial  judge's  neglecting  to  record  those  discussions

19   constitutes reversible error. (Supplemental Authority in Support

20   of Motion for Bail, p. 1-4).   This argument is separate and apart

21   form Mr. Liu's insistence that the court denied his right to

22   counsel by failing to discuss the jury notes with his attorney.

23   It was only at the oral argument for this hearing that this issue

24   presented itself.

25

26   **Defendant Julius Liu's Reply to
     Government's Response to**
27   **Defendant's Supplemental Authority**
     *United States v. Liu*;
28   Case No. CR-06-00772-JW                    4

1    The government argues that Mr. Liu has failed to show the

2    required "specific prejudice" necessary to merit reversal.  The

3    problem with the government's analysis lies in its claim that

4    "None of these matters [dealt with in the notes] is so

5    significant that the failure to transcribe their discussion

6    warrants reversal of defendant's conviction."  (Government's

7    response, Pg. 2).  This is an erroneous notion of "prejudice" in

8    this context.  Prejudicial error in this context occurs when a

9    defendant is raising an issue important enough to be considered

10   on appeal and the appellate court cannot make a ruling and

11   appellate counsel cannot adequately represent his or her client

12

13   because no record was made.

14   The government dismisses Mr. Liu's argument regarding *United

15   States v. Workcuff*, 422 F.2d 700 (D.C. Cir. 1970) in a footnote.

16   (Government's Response, Pg. 4, n. 1).  The government

17   specifically argues that "Like the *Workcuff* court, the trial

18   court in this case placed discussions concerning additional jury

19   instructions on the record."  (Government's Response, Pg. 4, n.

20   1).  In fact, the *Workcuff* trial court did not place any

21   discussions on the record.  *Workcuff*, 422 F.2d at 701.  The

22   government further argues that the trial court in Mr. Liu's case

23   conducted "on the record" discussions for Jury Notes Nos. 2 and

24

25

26   **Defendant Julius Liu's Reply to**
     **Government's Response to**
27   **Defendant's Supplemental Authority**
     *United States v. Liu*;
28   Case No. CR-06-00772-JW                    5

4 because they "were significant enough to require that additional instructions be given to the jury." (Government's Response, Pg. 4). This is a meaningless distinction. In any instance in which the trial judge resolves questions of a substantive factual or legal nature, whether through additional instructions or a short handwritten response, the importance of the judge's communication to the jury cannot be overestimated. Indeed, the appropriate reading of *Workcuff* invalidates the government's contentions. That case stands for the proposition that the likelihood of prejudice in such a circumstance is so high that the court effectively treated it as structural error. *Workcuff*, 422 F.2d at 702. Harmonizing that case with the Ninth Circuit requirement of "specific prejudice" leads one to the conclusion that, in the present case, when the judge responded to the jury without making a record of the discussions (if there were any) the court irreparably harmed Mr. Liu.

The reasoning in the *Workcuff* case is also important here. That court concluded that the primary reasons for finding such a situation prejudicial were because of the mandatory language of 28 U.S.C. § 753, the fact that a trial court's failure to make a record tremendously hinders both appellate counsel's ability to

**Defendant Julius Liu's Reply to**
**Government's Response to**
**Defendant's Supplemental Authority**
*United States v. Liu*;
Case No. CR-06-00772-JW                6

represent his or her client[1] and the appellate court's ability to review the proceedings below, and because of the "ease with which its requirements can be satisfied." *Workcuff*, 422 F.2d at 701-02.   As the court stated, "It is difficult enough in normal circumstances to appraise the propriety of the trial court's various actions on the basis of a cold printed record; when that record is replaced by the incomplete hearsay recollections of one of the parties, our review is turned in to an exercise in creative imagination."   *Id*. at 702.

All of the *Workcuff* court's reasons supporting its decision apply with great force to the present case and demonstrate the "specific prejudice" that Mr. Liu has incurred as a result of the trial court's failure to make a record of any discussions related to the jury notes.   The government may have a different perspective of the facts in this case and may read *Workcuff* and other cases differently from Mr. Liu; however, the fact that the parties have here presented two arguable positions definitively illustrates that this is the sort of arguable issue contemplated in *Handy*.

---

[1]   The *Workcuff* court specifically noted that "The problem is greatly exacerbated when, as here, the attorney representing the appellant is different from the counsel who represented him at trial." *Workcuff*, 422 F.2d 702.   This logic obviously applies to Mr. Liu's case as well.

**Defendant Julius Liu's Reply to**
**Government's Response to**
**Defendant's Supplemental Authority**
*United States v. Liu*;
Case No. CR-06-00772-JW                                    7

## III.

### THE JURY INSTRUCTIONS RELATED TO WILLFULNESS AND KNOWLEDGE ALLOWED THE JURY TO CONVICT MR. LIU ON THE BASIS OF STRICT LIABILITY IN VIOLATION OF *STAPLES V. UNITED STATES*.

Finally, the government argues that Mr. Liu was not subjected to strict liability due to the nature of the jury instructions[2]. The government does not argue, however, that strict liability is appropriate for the types of crimes allegedly committed by Mr. Liu because such an argument is foreclosed by *Staples v. United States*, 511 U.S. 600, (1994); *See* Supplemental Authority in Support of Motion for Bail, p. 6-7. Instead the government merely asserts that the instructions were appropriate because, according to the government, "The Supreme Court has held repeatedly that a violation of law is 'knowing' if a defendant's actions would result in the proscribed conduct, irrespective of whether the defendant knew his conduct was illegal." (Government's Response, Pg. 4-5). This argument misses the point entirely.

The issue is not only whether the government had to prove that Mr. Liu knew his conduct was illegal, but whether he had

---

[2]   The government's argument in its responding papers only confronts Mr. Liu's challenge to the jury instruction for Count 4. In actuality, Mr. Liu's position is that the instructions for each of the counts suffered from the same deficiency. (Mr. Liu's Supplemental Authority brief, p. 6-7).

**Defendant Julius Liu's Reply to**
**Government's Response to**
**Defendant's Supplemental Authority**
*United States v. Liu*;
Case No. CR-06-00772-JW                                    8

1  knowledge of the other elements of the offense.   As the jury

2  instructions were given, the jury could have convicted Mr. Liu on

3  the basis of willfully making copies of DVDs, CDs, and software

4  and knowingly trafficking software with the Symantec label.[3]

5  This is impermissible.[4]   In addition to proving that Mr. Liu

6  "willfully" or "knowingly" made copies, the government also had

7  to prove that he knew that the content of the discs was

8  copyrighted and that the copies were unauthorized or unlicensed.

9  For Count 4, the government had to prove that Mr. Liu "knowingly"

10  trafficked the software containing the counterfeit labels and

11  that he knew the labels to be counterfeit.   To accept anything

12  

13  less is to allow the exact form of strict liability analysis in

14  

15  _____

[3]

16      Actually, because the trial court also incorporated *sua sponte* an
instruction permitting a finding of guilt based on what other Super DVD
employees did whether Mr. Liu knew about it or not, the flawed nature of
17  the jury instructions permitting strict liability is even more insidious.

18  [4]

19      In Mr. Liu's Objections to Certain Government Proposed Jury
Instructions (Docket #71, p. 2), he argued that the trial court should
include the following sentence: "Evidence of reproduction or distribution
20  of a copyrighted work, by itself, shall not be sufficient to establish
willful infringement of a copyright."  The request for this instruction
21  was an objection to the potential for the jury to convict on the basis
that Mr. Liu "willfully" or "knowingly" made copies whether or not he
22  knew those copies were unauthorized or improper.   The trial court
inexplicably did not include this language in its final instructions to
23  the jury even though the government agreed that the language should have
been included.   Moreover, the court's failure to conduct a Rule 30
24  conference mean that Mr. Liu was never afforded the opportunity to object
to the omission of that instruction.   Because Mr. Liu objected to the
language giving rise to strict liability, this is not a situation in
25  which the Court of Appeals must find "plain error."

26  **Defendant Julius Liu's Reply to**
**Government's Response to**
27  **Defendant's Supplemental Authority**
*United States v. Liu*;
28  Case No. CR-06-00772-JW                    9

1   criminal law that was rejected by the United States Supreme Court

2   in *Staples*.

3       Again, however, this Court need not conclude that Mr. Liu

4   has the more persuasive opinion.  All this Court must do is

5   recognize that both sides of the issue have meritorious points of

6   analysis and that, therefore, this is the sort of "arguable

7   issue" that is appropriate for appeal.  If Mr. Liu is correct,

8   all of the counts of conviction were fatally flawed and he will

9   be entitled to a full reversal.

10

11

12                                    Respectfully submitted,

13  Dated: August 17, 2011     By: /s/David J. Cohen
                                    DAVID J. COHEN, ESQ.
14                                  **BAY AREA CRIMINAL LAWYERS, PC**
                                    300 Montgomery Street, Suite 660
15                                  San Francisco, CA  94104
                                    Telephone: (415) 398-3900
16

17

18

19

20

21

22

23

24

25

26  **Defendant Julius Liu's Reply to**
    **Government's Response to**
27  **Defendant's Supplemental Authority**
    *United States v. Liu*;
28  Case No. CR-06-00772-JW                    10