IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JULIUS LIU,<br><br>  Defendant. | No. CR-06-00772-JW<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION FOR BAIL ON APPEAL** |

Defendant's motion for bail on appeal was presented to the undersigned judge after the trial judge, Chief Judge James Ware, relocated his chambers from San Jose to San Francisco and declined to retain jurisdiction. The undersigned judge has considered the parties' original and supplemental briefs, the declarations submitted by the government with respect to certain matters not contained in the trial record, and the oral arguments of counsel at two separate hearings. Good cause therefor appearing, Defendant's motion will be granted.

Defendant has raised an arguable issue on appeal with respect to the jury instructions concerning his state of mind at the time of the charged offenses. The trial judge's instruction that "the Government is not required to prove that the defendant knew that his act was unlawful" conceivably could have been understood by the jury to mean that Defendant could be found guilty of

UNITED STATES V. LIU, No. CR-06-00772 JW

willful copyright infringement even if he was unaware that the works in question were protected by copyright and could not lawfully be copied.

The undersigned judge and the parties have devoted considerable attention to the trial judge's off-the-record communications with the jury. Having considered the subject matter of jury notes 1, 3, and 5 and the declarations of government counsel and the case agent concerning the manner in which the trial judge responded to those notes, the undersigned judge is satisfied that Defendant did not suffer any "specific prejudice" from the fact that the trial judge's colloquies with trial counsel concerning the notes were not recorded. *See, United States v. Wilson*, 16 F.3d 1027, 1031 (9th Cir. 1991). The three notes in question concerned tangential matters such as the postal zip code of a particular location and non-substantive typographical errors in the verdict form.

Defendant nonetheless has maintained throughout these proceedings that because the provisions of Fed. R. App. Pro. 10(c) apply expressly to appellants, the district court lacks jurisdiction to consider extrinsic evidence with respect to trial judge's response to the jury notes and must presume that the trial judge's failure to respond to the notes on the record was prejudicial error. However, whether or not the government should have been permitted to present extrinsic evidence, case law firmly supports the principle that an appellant must make at least some effort to correct or complete an otherwise inaccurate or incomplete record if he seeks to assert prejudice on appeal. *See, e.g., United States v. Kelly*, 535 F.3d 1229, 1243 (10th Cir. 2008). If Defendant's argument were correct, virtually any otherwise-eligible appellant would be entitled to bail on appeal whenever a trial judge engaged in unrecorded communications with a jury, irrespective of the substance of such communications.

The government has acknowledged from the outset of these proceedings that Defendant is not a flight risk and does not pose a danger to the community. In light of the foregoing discussion,

UNITED STATES V. LIU, No. CR-06-00772 JW2

Defendant's motion will be granted; Defendant shall remain free on bail pending resolution of his appeal of the underlying conviction.

**IT IS SO ORDERED.**

Dated:   August 23, 2011

JEREMY FOGEL
United States District Judge